Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021

*Attorney for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BOND, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br>v.<br><br>MOTIVE TECHNOLOGIES, INC.<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR INJUNCTION AND DAMAGES**<br><br>**Class Action**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Joseph Bond ("Mr. Bond"), by his undersigned counsel, for this class action complaint against Defendant Motive Technologies, Inc. ("Motive") and their present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, allege as follows:

## I.   INTRODUCTION

1. <u>Nature of Action</u>: As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million

complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Motive to market their trucking logistics services through the use of pre-recorded telemarketing calls.

3. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure

## II. PARTIES

5. Plaintiff Bond is an individual.

6. Defendant Motive Technologies, Inc. is a corporation headquartered in this District.

## III. JURISDICTION AND VENUE

7. <u>Jurisdiction</u>: This Court has federal-question subject matter jurisdiction over Plaintiff' TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

8. <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over the Defendant because they are headquartered in this District.

9. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims—namely, the sending of the illegal telemarketing from Motive directed by Motive—occurred from this District.

10. <u>Intradistrict Assignment</u>: Assignment to this Division is proper pursuant to Civil Local Rule 3-2(c) because a substantial part of the events or omissions that give rise to Plaintiff' claims—namely, the direction of the illegal telemarketing—occurred from this Division.

## IV. FACTS

### A. The Enactment of the TCPA and its Regulations

11. <u>Robocalls Outlawed</u>: Enacted in 1991, the TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1). Calls made by an ATDS or with a prerecorded or artificial voice are referred to as "robocalls" by the Federal Communications Commission ("FCC") and herein. Encouraging people to hold robocallers accountable on behalf on their fellow Americans, the TCPA provides a private cause of action to persons who receive such calls. 47 U.S.C. § 227(b)(3).

12. <u>Rationale</u>: In enacting the TCPA, Congress found: "Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 § 2(10). Congress continued: "Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id.* § 2(12).

13. The TCPA's sponsor described unwanted robocalls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the

sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30,821 (1991) (statement of Sen. Hollings).

14. <u>Prior Express Written Consent</u>: The FCC has made clear that "prior express written consent" is required before making telemarketing robocalls to wireless numbers. Specifically, it ordered:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

*In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote omitted) (internal quotation marks omitted).

**B.     Defendant's Unsolicited, Automated Telemarketing to Plaintiff**

15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. Plaintiff's telephone number is (252) 509-XXXX ("Phone Number").

17. That number is assigned to a cellular telephone service.

18. Plaintiff Bond never consented to receive calls from Motive.

19. Despite this, Motive called the Bond Phone Number on January 5 and 9, 2024.

20. The call used the following pre-recorded message.

> Hello, it's Richard calling from Motive, formerly known as Keep Truckin, when you get this message give me a call at (213) 376-4138.

21. The calls were clearly pre-recorded because (a) they had a long pause before the recorded message began playing (b) both messages were identical length and tone (c) the robot had a generic, monotone voice.

22. The calls were intended to promote the logistic support services for the Defendant.

23. The Plaintiff contacted the Defendant regarding the pre-recorded calling.

24. The Defendant did not deny making the pre-recorded calls.

**C. The Nuisance Created by Defendant's Automated Telemarketing**

25. The telemarketing alleged herein: (A) invaded Plaintiff's privacy and solitude; (B) wasted Plaintiff's time; (C) annoyed Plaintiff; (D) tied up Plaintiff's phone line; and (E) harassed Plaintiff.

## V. CLASS ACTION ALLEGATIONS

26. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein

27. Plaintiff brings this action on behalf of herself and the following Class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

28. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Pre-Record Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone (3) from or on behalf of Motive, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

29. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

30. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of these Class as she has no interests that conflict with any of the class member

31. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

32. This Class Action Complaint seeks injunctive relief and money damages.

33. The Class as defined above are identifiable through dialer records, other phone records, and phone number databases.

34. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

35. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

36. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

37. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

38. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   a. Whether a pre-recorded message was used to send calls;

   c. whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the call;

   d. whether Defendant's conduct constitutes a violation of the TCPA; and

   e. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

39. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
**Statutory Violations of the Telephone Consumer Protection Act
(47 U.S.C. 227, et seq.) on behalf of the Robocall Class**

40. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

41. The Defendant violated the TCPA by or causing to be sent via pre-recorded calls to the cellular telephones of Plaintiff and members of the Robocall Class using a pre-recorded message without their prior express written consent.

42. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. The Plaintiff and Robocall Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

44. Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Motive from using a pre-recorded voice in the future, except for emergency purposes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of up to treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

B. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

C. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

RESPECTFULLY SUBMITTED AND DATED this 28th day of February, 2024.

> */s/ Dana J. Oliver*
> Dana J. Oliver, Esq. (SBN: 291082)
> dana@danaoliverlaw.com
> OLIVER LAW CENTER, INC.
> 8780 19th Street #559
> Rancho Cucamonga, CA 91701
> Telephone: (855)384-3262
> Facsimile: (888)570-2021
>
> *Attorney for Plaintiff and the Proposed Class*

- 8 -
COMPL.
*Bond v. Motive Technologies, Inc.*